PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER C. MEADOWS, | ) | |
| | ) | CASE NO.  4:22CV2050 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CORECIVIC, *et al.*, | ) | |
| | ) | **ORDER** |
| Defendants. | ) | [Resolving ECF No. 4] |

Pending is *Pro Se* Plaintiff Christopher C. Meadows' Motion for Appointment of Counsel

(ECF No. 4) in this civil rights action alleging deliberate indifference to an inmate's safety.  For the

reasons set forth below, the motion is granted.

Appointment of counsel in a civil case is not a constitutional right. *Lavado v. Keohane*, 992

F.2d 601, 605 (6th Cir. 1993).  It "is a privilege that is justified only by exceptional circumstances."

*Id.* at 606; *see also Johnson v. City of Wakefield*, 483 Fed. Appx. 256, 260 (6th Cir. 2012).  In

considering whether "exceptional circumstances" exist, courts have considered the plaintiff's ability

to represent himself, the chance of success of plaintiff's claims, and the complexity of the case.

*Lavado*, 992 F.2d at 606; *see also Johnson*, 483 Fed.Appx. at 260.

LR 83.10 allows a judicial officer to appoint pro bono counsel to represent a *pro se* litigant

in some situations.  It provides:

> At the discretion of the judicial officer, counsel may be assigned to represent a pro
> se litigant in a civil case pursuant to the Court's Pro Bono Civil Case Protocol.  (See
> Appendix J.)  *Assignment of counsel is not a right of a pro se litigant but may be
> utilized in those limited cases where the judicial officer believes such an assignment
> is warranted.*  Pursuant to the Protocol, a judicial officer may instruct the Clerk's

Office to select counsel with experience in the subject matter of the case from the list of attorneys who have volunteered to provide Pro Bono services. The Court will reimburse assigned counsel, pursuant to the Pro Bono Civil Case Protocol, for certain expenses incurred in providing representation up to $1,500. (Emphasis added.)

Given the seriousness of Plaintiff's allegations, the Court will exercise its discretion to appoint legal counsel in the instant case. *See Johnson v. Shaker Heights*, No. 1:06CV2680, 2007 WL 781316, at *4 (N.D. Ohio March 12, 2007) (Polster, J.); *Manley v. Lower*, No. 4:13CV2177, slip op. at 2 (N.D. Ohio May 12, 2014) (Pearson, J.) (ECF No. 4 in No. 4:13CV2177). The Clerk's Office is instructed to select counsel with experience in the subject matter of the case from the list of attorneys who have volunteered to provide Pro Bono services.

IT IS SO ORDERED.

April 7, 2023  
Date

*/s/ Benita Y. Pearson*  
Benita Y. Pearson  
United States District Judge

2